IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

DERRICK PEREZ SCOTT,

        Plaintiff,

vs.

RESOLVE PARTNERS, LLC,

        Defendant.

CASE NO.: 1:19-cv-1077

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Derrick Perez Scott ("Plaintiff" or "Mr. Scott"), by and through his attorneys, brings the following Complaint against Resolve Partners, LLC ("Defendant" or "Resolve Partners") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of an employment background check report that falsely portrayed Mr. Scott as a drug dealer, felon, and serial criminal.

## THE PARTIES

1. Plaintiff Derrick Perez Scott is an individual person who at all times pertinent hereto resided in the City of Rock Hill, in York County, South Carolina.

2. Defendant Resolve Partners, LLC is a North Carolina limited liability company incorporated in Delaware and a nationwide resident and employment screening service provider. Defendant's principal place of business is at 303 Pisgah Church Road, Suite C, Greensboro, North Carolina 27455.

3. Defendant is a consumer reporting agency as defined at 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling

1

information on consumers for the purpose of furnishing consumer reports for employment purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Mr. Scott's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## THE FCRA'S PROTECTIONS FOR JOB APPLICANTS

6. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it also regulates employment background checks like the one procured in Mr. Scott's name.

7. The FCRA provides a number of protections for job applicants who are subjected to background checks.

8. In the parlance of the FCRA, background checks are "consumer reports," and providers of background checks, like Resolve Partners, are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

9. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

2

## FACTS

### Defendant's Inaccurate Employment Background Check

10. In or around March 2019, Mr. Scott applied online for employment as a Leasing Agent with Full House Marketing, Inc. ("Full House"), a single source of marketing, training, and staffing support for residential property management, located in Charlotte, North Carolina.

11. Mr. Scott was excited about the prospect of working for Full House but his excitement was suddenly and unexpectedly stymied when, in or about mid-March 2019, Mr. Scott received a text message from Laurisa Brooks ("Ms. Brooks"), Talent Recruiter at Full House, stating the following:

> Hi Derrick – Thank you for applying to Full House Mktg. Unfortunately your background at this time does not meet our guidelines for employment. Thank you for your time and interest. Full House Marketing.

12. Mr. Scott takes great pride in his good name and stellar background, as he's never been charged with a crime or otherwise been in trouble with the law, so he could not imagine why his background would not meet Full House's guidelines for employment.

13. Unsure of who to contact or where to turn next, and in desperate need of employment, Mr. Scott decided to continue applying for other jobs.

14. In or about late April 2019, Mr. Scott applied for a second time online for employment as a Leasing Agent with Full House.

15. On May 6, 2019, at 2:32 P.M., Mr. Scott received a text message from Ms. Brooks stating the following:

> Hi Derrick – It's Laurisa with Full House Mktg. You applied for an Apartment Leasing opportunity with us through ZipRecruiter. Are you currently employed? Thank you!

16. On May 6, 2019, at 2:33 P.M., Mr. Scott responded to Ms. Brooks' text message as follows: "No."

17. On May 6, 2019, at 2:36 P.M., Mr. Scott received another text message from Ms. Brooks stating the following:

> Ok Thanks! Full House is a staffing co & places people in temp to hire & direct to hire roles. We can't always guarantee a full 40 hrs. We do offer leasing commissions in addn to an hrly pay rate & 50% of our employees go on to perm placement. Would this work for you?

18. On May 6, 2019, at 2:42 P.M., Mr. Scott responded to Ms. Brooks' text message as follows: "Yes."

19. On May 6, 2019, at 2:44 P.M., Mr. Scott received another text message from Ms. Brooks stating the following:

> Great! 1st step is to apply to the link below. Once it runs through the system I will contact you for a short phone screen. Thx!
>
> http://fullhousemarketing.com/resolve-authorization/

20. Shortly thereafter, Mr. Scott accessed the link, completed Full House's employment application, and submitted it online.

21. On May 6, 2019, at 4:35 P.M., Mr. Scott received a text message from Ms. Brooks stating the following:

> Hi Derrick – Thank you for applying to Full House Mktg. Unfortunately your background at this time does not meet our guidelines for employment. Thank you for your time and interest. Full House Marketing.

22. On May 6, 2019, at 4:39 P.M., Mr. Scott responded to Ms. Brooks' text message as follows: "Can you tell me why?"

23. On May 6, 2019, at 4:43 P.M., Mr. Scott received a text message from Ms. Brooks stating the following:

Please (sic) your questions to:

RESOLVE Partners, LLC
303-C Pisgah Church Rd
Greensboro, NC 27455
Phone: 866-921-5388
Fax: 336-217-8007

24. Shortly thereafter, Mr. Scott contacted Resolve Partners by phone and spoke with a representative. After providing his personal identification information, Mr. Scott explained his situation in detail, specifically stating that he had now been denied employment with Full House twice in the past two months because of his "background." He then mentioned that he was recently informed by Full House that it obtained his background information from Resolve Partners. He stated that he did not have a criminal record and was curious as to why he continued to be denied employment at Full House. The representative stated that she had no idea why he was being denied employment at Full House but offered to send him a copy of the background check report it had on file in his name.

25. On May 6, 2019, at 4:53 P.M., Mr. Scott received an email from Resolve Partners, which contained a link to the background check report that it prepared in his name and provided to Full House both in March and May 2019.

26. Full House contracted with Resolve Partners to conduct background checks, including criminal background checks, on the prospective employees that it was attempting to place in the job market.

27. On March 15, 2019, when Mr. Scott first applied for employment, Full House ordered a criminal background check on Mr. Scott from Resolve Partners.

28. On March 27, 2019, in accordance with its standard procedures, Resolve Partners completed Mr. Scott's background check.

5

29. Resolve Partners' background report on Mr. Scott contained five pages of information, including six grossly inaccurate and stigmatizing felony and misdemeanor convictions.

30. The background report listed the following six felony and misdemeanor criminal convictions from Saint Mary's County, Maryland, belonging to a "Derrick Lee Scott" and reported as follows:

> **Offender:**
>
>> Full Name: SCOTT, DERRICK LEE, DOB: XXXX-03-31, Gender: MALE, Race: BLACK, Weight: 170, Height: 5'11", Provider: Maryland Admin Office of Courts, State: MD
>
> **Offense:**
>
>> Description: CDS: POSS W/I DIST: NARC, Offense Type: FELONY CIRCUIT COURT, Statute Number: CR.5.602(2), File Date: 2018-11-05
>
> **Offense:**
>
>> Description: CDS: POSS W/I DIST: NARC, Offense Type: FELONY CIRCUIT COURT, Statute Number: CR.5.602(2), File Date: 2018-11-05
>
> **Offense:**
>
>> Description: CDS: POSSESS-NOT MARIJUANA, Offense Type: MISDEMEANOR, Statute Number: CR.5.601.(A)(1), File Date: 2018-11-05
>
> **Offense:**
>
>> Description: CDS: POSSESS-NOT MARIJUANA, Offense Type: MISDEMEANOR, Statute Number: CR.5.601.(A)(1), File Date: 2018-11-05

**Offender:**

> Full Name: SCOTT, DERRICK LEE, DOB: XXXX-03-31, Gender: MALE, Race: BLACK, Weight: 225, Height: 6'2", Provider: Maryland Admin Office of Courts, State: MD

**Offense:**

> Description: ARSON/THREAT, Offense Type: MISDEMEANOR, Statute Number: CR.6.107.(A)(1), File Date: 2018-10-26

**Offense:**

> Description: ARSON/THREAT, Offense Type: MISDEMEANOR, Statute Number: CR.6.107.(A)(1), File Date: 2018-10-26

31. **None** of the Saint Mary's County felony or misdemeanor convictions belong to Plaintiff.

32. A cursory review of the criminal convictions as reported in the background report, and as reported in the underlying court records from Saint Mary's County, confirms that the records belong to two unrelated Black males named Derrick *Lee* Scott, living in Lexington Park, Maryland. Had Resolve Partners actually consulted or obtained the underlying court records, it would have seen obvious discrepancies between Convicted Felon Derrick Lee Scott, Convicted Misdemeanant Derrick Lee Scott, and Plaintiff.

33. The discrepancies that should have caused Resolve Partners to realize Plaintiff is not the same person as Convicted Felon Derrick Lee Scott and Convicted Misdemeanant Derrick Lee Scott include the following: (i) the three pages of address history information for Plaintiff listed directly below the six reported criminal convictions belonging to "Derrick *Lee* Scott" specifically states that the address history information belongs to "Derrick *Perez* Scott"; (ii) nowhere in the address history information does it indicate that Plaintiff has ever resided in

7

Maryland, yet the "Abstract" portion of the background report specifically indicates that Convicted Felon Derrick Lee Scott and Convicted Misdemeanant Derrick Lee Scott resided in Lexington Park, Maryland; (iii) the background report specifically indicates that the first four criminal convictions belong to a 5'11" Black male weighing 170lbs and the last two criminal convictions belong to a 6'2" Black male weighing 225lbs—Plaintiff is 5'7" and 143lbs; (iv) Plaintiff has never been charged with or convicted of a crime in Saint Mary's County, Maryland, or in any other county in the United States; and (v) Plaintiff used his middle name of Perez or a middle initial "P" in any public records he completed and the middle name "Lee" appears in the criminal records for Convicted Felon Derrick Lee Scott and Convicted Misdemeanant Derrick Lee Scott by which Resolve Partners made the match with Plaintiff.

34. The sole reason the four inaccurate misdemeanor convictions were reported as belonging to Plaintiff was that Resolve Partners failed to use reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's background report. Had Resolve Partners used reasonable procedures, it would have discovered that the six inaccurate and stigmatizing felony and misdemeanor convictions contained within Plaintiff's background report belonged to an individual living in Maryland with an entirely different middle name.

35. On May 6, 2019, immediately after reviewing the inaccurate background report prepared by Resolve Partners, Mr. Scott, now frustrated, confused, and angry, placed another call to Resolve Partners and spoke with a representative. After providing his personal identification information, Mr. Scott once again explained his situation in detail, specifically stating that he had now been denied employment with Full House twice in the past two months because of inaccurate criminal record information contained within his background report. He specifically stated that he was disputing the inaccurate information contained within his background report. The

8

representative told Mr. Scott that if he wanted to dispute the information contained within his background report he would need to send an email to Resolve Partners and attach a copy of his driver's license.

36. On May 7, 2019, Mr. Scott sent the following email to the email address that the Resolve Partners representative had provided him and attached a copy of his driver's license:

> Dear resolve partners
>
> My name is Derrick perez scott jr and I received a background report saying that I committed multiple crimes in Maryland. My middle name is perez not lee. If you looked at my drivers license it clearly states that I am 5'7 and 143 pounds. Not 6'2 225 pounds. Please remove all of that man's information from my report within 30 days. My social security number is [REDACTED]. If you did your job properly you would have saw that it was a different person. This is an Fcra violation and if it doesn't get resolved soon I will file a lawsuit against your company.

37. It wasn't until May 31, 2019, approximately a month after Mr. Scott submitted his dispute, that Resolve Partners completed its reinvestigation of the disputed information and revised the background report, removing the two felony and four misdemeanor convictions it had reported to Full House in March and May 2019.

38. Mr. Scott was twice denied employment at Full House solely as a result of the six grossly inaccurate and stigmatizing felony and misdemeanor convictions belonging to Convicted Felon Derrick Lee Scott, which were contained within the background report prepared by Resolve Partners on March 15, 2019, and provided to Full House in both March and May 2019.

39. In creating and furnishing Mr. Scott's employment report, Resolve Partners failed to follow reasonable procedures to assure that the report was as accurate as maximally possible. In particular, Resolve Partners allowed a match based solely on the confluence of a common name, Derrick Scott, in spite of the existence of information on the face of the background report which clearly established that Convicted Felon Derrick Lee Scott was not Plaintiff, such as the fact that

9

Convicted Felon Derrick Lee Scott lives in a different state than Plaintiff and the background report does not indicate that Convicted Felon Derrick Lee Scott and Plaintiff share a middle name.

40. As a result of Resolve Partners' violations of the FCRA, Plaintiff has suffered a range of actual damages, including without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advances in the future; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment.

**CLAIM FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

41. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-40, above.

42. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

43. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

44. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

45. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of Plaintiff's background report and the files it published and maintained.

46. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered a range of actual damages, including without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advances in the future; damage to

his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, frustration, humiliation, and embarrassment.

47. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its actions were in reckless disregard of the requirements of this provision. Thus, Defendant is liable for punitive damages pursuant to 15 U.S.C. § 1681n.

48. In the alternative, Defendant negligently violated 15 U.S.C. § 1681e(b), which entitles Plaintiff to a recovery under 15 U.S.C. § 1681o.

49. Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) Determining that Defendant negligently and/or willfully violated the FCRA;

b) Awarding actual damages, statutory damages, and punitive damages as provided by the FCRA;

c) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

d) Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

50. Plaintiff demands a trial by jury.

Dated: October 18, 2019.

/s/ Asa C. Edwards
Asa C. Edwards, NC Bar No. 46000
MAGINNIS LAW PLLC
4801 Glenwood Ave., Suite 310
Raleigh, NC 27612

11

Telephone: (919) 526-0450
Fax: (919) 882-8763
aedwards@maginnislaw.com
*Counsel for Plaintiff Derrick Perez Scott*


/s/ Hans W. Lodge
Hans W. Lodge, MN Bar No. 397012
BERGER & MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 607-7794
Fax: (612) 584-4470
hlodge@bm.net
*Counsel for Plaintiff Derrick Perez Scott*